**Robert S. Banks, Jr., OSB No. 821862**
bbanks@SamuelsLaw.com
SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, Oregon 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

**Lawrence R. Cock, OSB No. 102524**
lrc@cablelang.com
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
Telephone (206) 292-8800
Facsimile (206) 292-0494

    Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT OF THE STATE OF OREGON

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| Leon Brown, Kirk Clothier, Nancy Gilbert, Rollin Chew, Edwin L. Chew Family Trust, Bernard Gutow as Trustee of the Gutow Family Trust dtd 10/28/1991, all individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>vs.<br><br>Norman Gary Price and Christina A. Price; Ronald J. Robertson and Kathryn Robertson; RP Capital, LLC; Douglas R. Bean and Megan Susanne Bean; S. Christopher Bean and Jodi J. | NO. 3:17-cv-00869- HZ<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>**HEARING SET FOR OCTOBER 16, 2017, 2:00 P.M.** |

Page - 1-PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Bean; Bean Holdings, LLC; Jonathan Bishopp and
Monica Bishopp; Timothy J. Feehan, Jr. and
Kimberly A. Feehan; Strategic Capital Alternatives
LLC; and SCA Holdings LLC,

                              Defendants.

## MOTION

Pursuant to the Court's order dated August 2, 2017 (Docket No. 66) ("Preliminary Approval Order") and Rule 23 of the Federal Rules of Civil Procedure, plaintiffs move the Court for an order granting final approval of the proposed settlements which the Court has preliminarily approved.

This motion is supported by the Memorandum appearing below, the Declaration of Markham Sherwood ("Sherwood Declaration"), and the Declaration of Robert S. Banks, Jr. In Support Of Motions For Final Approval And Award Of Attorney Fees And Costs. ("Banks Declaration II"). Plaintiffs also rely upon and incorporate their Motion For Preliminary Approval Of Class Action Settlement (Docket No.63) ("Preliminary Approval Motion") and the Declaration of Robert S. Banks, Jr. In Support of Plaintiffs' Unopposed Motions For Order Determining That Class Action May Be Maintained (Docket No. 64) ("Banks Declaration I").

## MEMORANDUM

### I.    NATURE OF CASE AND TERMS OF SETTLEMENT

This case is brought on behalf of a class of persons and entities who purchased investments in promissory notes and funds issued by Aequitas Management, LLC and its subsidiaries upon the advice of investment adviser representatives of two registered investment advisory firms, Strategic Capital Group, LLC, and Private Advisory Group, LLC ("PAG"), and

**Page-2- PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

one securities broker-dealer, RP Capital, LLC ("RP Capital"). The Aequitas investments have failed. Aequitas is insolvent and a receiver was appointed by the court to wind up its affairs in *Securities and Exchange Commission v. Aequitas Management, LLC*, Case No. 3:16-cv-00438 PK (Docket No. 156) ("SEC Case"). The plaintiffs allege that the defendants misrepresented the investments and failed to disclose conflicting relationships they had with Aequitas and its subsidiaries and affiliates. The defendants vehemently deny plaintiffs' allegations of wrongdoing.

The plaintiffs have reached agreements to settle their claims with the defendants and others. This court issued an Order Determining That Class Action May Be Maintained Pursuant To Rules 23(a) and 23(b)(1), Certifying The Class, Preliminarily Approving The Settlement, Approving Form Of Notice And Setting Fairness Hearing (Docket No. 66)("Preliminary Approval Order"). The plaintiffs now seek final approval of the settlements, pursuant to the directive in that Order.

The settlement terms are described in the stipulations of settlement filed with the court. *See*: Stipulations of Settlement, Docket Nos. 61, 62. The settlements provide for a total payment to the plaintiff class of $6.1 million. Of that amount, $4.9 million will be paid by the defendants Douglas R. Bean and Megan Suzanne Bean; S. Christopher Bean and Jodi J. Bean, Jonathan Bishopp and Monica Bishopp, and Bean Holdings LLC, and their insurance carrier, Liberty Surplus Insurance Corporation. (Docket No. 61, ¶ 3 A 1). A settlement of $1.2 million will be paid by Norman Gary Price and Christina Price, Ronald J. Robertson and Kathryn Robertson, Timothy Feehan, Jr. and Kimberly A. Feehan, Antonio Ramirez and Wendy Ramirez; Aaron Maurer and Laura Maurer; RP Capital, LLC; Strategic Capital Alternatives, LLC and SCA

Page-3- PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Holdings, and RP Capital's Insurance carrier, Lloyd's of London. (Docket No. 62, ¶ 3 A 1). Those payments represent all available insurance money from the defendants. Banks Declaration I (Docket No. 64), ¶ 8; Stipulations of Settlement (Docket No. 61 ¶ 3 B 6); (Docket No. 62, ¶ 3 B 6). The settlement fund also includes personal contributions from defendants, the amounts of which were negotiated after plaintiffs demanded and received sworn financial statements from settling parties and obtained other asset investigations about the defendants. Banks Declaration I, ¶¶ 9-12. If the Court finds that any financial statements provided were materially untrue, then the plaintiff class may void the settlement as to that defendant. Stipulations for Settlement (Docket No. 61 ¶ 3 B 5); (Docket No. 62, ¶ 3 B 5).

In exchange for those payments, the plaintiff will release the Settling Defendants (as defined in the Stipulations for Settlement) of all claims arising out of advice or services related to any Aequitas investment. Stipulations of Settlement, Docket No. 61, ¶ 3 C 1; Docket No. 62, ¶ 3 C 1. Significantly, the plaintiff class is not releasing claims against non-settling defendants relating to their Aequitas investments. *Id.*, ¶¶ 3 C 2. The plaintiff class will continue to own their Aequitas investments, and will be entitled to participate in any recovery that may result from the Aequitas Receivership liquidation in the SEC case and in other claims for damages against non-settling defendants, including *Cuiffetelli v. Deloitte & Touche*, No. 3:16-cv-00580-AC (D. Or.). Banks Declaration II, ¶ 2.

The proposed settlement is a common fund settlement. After payment of any court-approved costs and attorney fees, the entire settlement fund shall be paid to the class on a *pro rata basis*. Stipulations of Settlement Docket No. 61, ¶ 3 A 3; Docket No. 62, ¶ 3 A 3. Banks Declaration II, ¶ 4C; Sherwood Declaration, ¶ 10. That amount is determined by a fraction

**Page-4- PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

whose numerator is the class member's net loss (the total Aequitas investment, less any dividends received) and whose denominator is the total common fund, less any costs, attorney fees and nominal award for the class representatives. *Id.*

## II.   LEGAL STANDARDS FOR APPROVAL OF CLASS ACTION SETTLEMENT

Judge Simon recently restated the longstanding standards for approving a class action settlement in the Ninth Circuit:

> To approve a class action settlement, a court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e); *Lane [v. Facebook]*, 696 F.3d at 818. The settlement must be considered as a whole, and although there are "strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure it is 'fair, adequate, and free from collusion.'" *Lane,* 696 F.3d at 818-19 (quoting *Hanlon,* 150 F.3d at 1027). A number of factors guide this review, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. Id. at 819. Courts within the Ninth Circuit "put a good deal of stock in the product of an arms-length [sic], non-collusive, negotiated resolution." *Rodriguez,* 563 F.3d at 965.

*Bell v. Consumer Cellular, Inc.*, 3:15-CV-941-SI, 2017 WL 2672073, at *4 (D. Or. June 21, 2017). *See also In re Bluetooth Products Liability Litigation,* 654 F.3d 935, 946 (9th Cir. 2011)(stating standards); *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir.1982) (noting that the list of factors is "by no means an exhaustive list of relevant considerations, nor have we attempted to identify the most significant factors").

///

Page-5- PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

### III. THE PROPOSED SETTLEMENTS MEET THE REQUIREMENTS FOR FINAL APPROVAL.

The requirements for final approval of a class action settlement are satisfied here.

#### A. The Strength Of Plaintiff's Case.

Class Counsel believe that the plaintiffs have a strong liability case, assuming they can prove the facts alleged. However, the defendants denied that they made the oral misrepresentations and omissions on which much of the case was based. *See* Banks Declaration II, ¶ 11; Cock Declaration, ¶¶ 6, 7. There were also risks that defendants could prevail on arguments that they relied upon the false information they received from Aequitas and its accountants, and they therefore should not be liable. *Id.* Plaintiffs also need to overcome other defenses described more fully in the Banks Declaration II and Cock Declaration, including the defenses that the private placement memoranda adequately disclosed that the Aequitas investments were high risk, and warned that investors could lose all of their money. *Id.*

#### B. The Risk, Expense, Complexity, and Likely Duration of Further Litigation.

The case presents substantial risks of no recovery if the settlement is not approved, including: (a) the aforementioned risks that defendants' defenses would be successful and plaintiffs would not prevail; (b) risks that the case could take years before it is completed, and that insurance policies would be exhausted; (c) risks relating to the defendants' inability to pay; (d) risks that the litigation stay in the Aequitas Receivership action could prevent plaintiffs from prosecuting these claims; (e) risks that competing claims in court and arbitration would reduce the amount of available settlement funds; (f) risks associated with converting this case into a class action; and (g) insurance coverage risks. *See:* Banks Declaration II, ¶¶ 10-15.

The highest risks are that the defendants would be unable to pay a judgment and the risk that, if the settlement is not approved, a handful of individual claimants will get most or all of the available funds. As this Court has recognized in certifying this case as a limited fund, no opt-out

**Page-6- PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

class, the damages in this case far exceed any assets available for recovery. Preliminary Approval Order (Docket No. 66), p. 2. Class Counsel have negotiated a settlement that includes a contribution of all available insurance from two wasting insurance policies as of the date of settlement. And, they have taken reasonable steps to identify the defendants' assets, and to require individual contributions that they believe reflect the defendants' ability to pay. It is unlikely that there will ever be more money to recover than has been reserved to fund this settlement. If the settlement is not approved, this Court's preliminary injunction to prevent competing claims against these defendants (Docket No. 33) will likely be dissolved, and a race to judgment will ensue, with a few winning investors and a great majority left with claims to bring, but no assets to satisfy them. *See, e.g.,* Declaration of Nathan Alexander In Support of Motion For Temporary Restraining Order (Docket No. 4); Banks Declaration I ¶ 14.

### C.     The Risk of Maintaining Class Action Status Throughout The Trial.

Investment suitability is an issue in the case. *See, e.g.,* First Amended Complaint, ¶¶ 11, 14, 15 (Docket No. 59) (alleging that Aequitas investments were unsuitable for the identified plaintiffs). There is a chance that defendants could move to de-certify the class on grounds that class members present different suitability factors, and that those claims cannot be resolved as a class action. For example, some class members are wealthy, others are not, some are elderly, others not, and some were able to withstand more risk than others. If a motion to de-certify the class succeeded, and each plaintiff had to pursue their claims on an individual or group basis, the few fortunate investors would have their cases resolved first, the insurance policies would be spent on defense costs for many different cases, and most, if not all, class members would receive nothing.

### D.     The Extent of Discovery Completed and the Stage of the Proceedings.

Although this case was originally filed in King County, Washington more than a year ago, the parties have focused on settlement rather than discovery. This was done with the

Page-7- PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

support and, indeed, upon the insistence of the Receiver. Banks Declaration II, ¶12. In the view of Class Counsel, that was the correct strategy, because of the wasting nature of the insurance policies, and the fact that the damages exceed any recovery that could reasonably have been expected. Class Counsel conducted an investigation into the liability facts outside of the formal discovery process by reviewing SEC and FINRA records, speaking with confidential informants with knowledge of defendants' conduct, interviewing and reviewing Aequitas investment records of more than 54 clients with whom they have fee agreements, investigating the Aequitas investments and Aequitas's activities, investigating defendants' assets, and other things described in more detail in the Banks Declaration II, paragraphs 16-18.

While there are other facts that would be subject to discovery if the case does not settle, Class Counsel believe that they have assembled enough information to understand the strengths and weaknesses of these claims, and that additional discovery would not have changed their views that the proposed settlement is fair and reasonable and should be approved.

E.   **The Experience And Views of Class Counsel.**

Mr. Banks has practiced law for 35 years, and most of his practice has been devoted to representing investors in claims against financial advisers. Mr. Cock has practiced law for 23 years and has substantial experience in the area as well. Cock Declaration I, ¶ 4 (Docket No. 65). The views of Class Counsel are that the settlement is fair, reasonable and adequate, given the available assets. Banks Declaration II, ¶ 3.

F.   **The Presence of a Governmental Participant.**

No governmental agency is a party to this case. However, pursuant to the Class Action Fairness Act requirements, 28 USC § 1717, the Claims Administrator did send notice of the settlement and the relevant pleadings in the case to the Attorneys General and banking regulators of every state and territory on August 16, and none have objected to the proposed settlement. Sherwood Declaration, ¶¶ 3, 4; Banks Declaration II, ¶ 6.

Page-8- PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

G.  **The Reaction of Class Members To The Proposed Settlement**.

There are approximately 375 members of the class that received notice of the settlement. Fifty-four of them have received regular updates on the case and the settlement from Class Counsel. To date, none of them have raised any objections to the settlement. Sherwood Declaration, ¶¶ 6, 11; Banks Declaration II, ¶ 5.

H.  **The Proposed Settlement Was The Result Of Arms' Length Negations And A Lack Of Collusion**.

The events leading up to the settlement, including Class Counsel's efforts to discover the defendants' abilities to pay a judgment, have already been recounted. Banks Declaration I, ¶¶ 3-6, 10-13 (Docket No. 64). Based on those statements, the Court found that "[t]he settlement was reached after all the Settling Parties had settlement discussions lasting over five months, including a two-day mediation." Preliminary Approval Order, ¶ 7 (Docket No. 66). *See also* Banks Declaration II, ¶ 3.

The proposed settlement was arrived at by experienced counsel after months of arms' length negotiations and was free of any collusion. *Id.*

IV.  **CONCLUSION**

The proposed settlement is in the best interests of the class. It treats all investors who were clients of the involved investment advisers equally. The $6.1 million settlement fund is likely the best that plaintiffs will ever recover on these claims. If the settlement is not approved, individual actions will proceed, insurance assets will be wasted on defense costs, and the great

Page-9- PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

majority of investors will see nothing. Plaintiffs and Class Counsel respectfully request that the court approved the proposed settlement.

Plaintiffs therefore respectfully request that the Court issue an Order granting final approval of the proposed settlements, and adopt the proposed plan of allocation described in the Banks Declaration II, paragraph 4.

Dated September 15, 2017

/s/ Robert S. Banks, Jr.
Robert S. Banks, Jr., OSB No. 821862
SAMUELS YOELIN KANTOR LLP
111 SW Fifth Avenue, Suite 3800
Portland, Oregon 97204
Telephone: 503-226-2966
Facsimile: 503-222-2937
bbanks@samuelslaw.com

/s/ Lawrence R. Cock
Lawrence R. Cock, OSB No. 102524
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
Telephone (206) 292-8800
Facsimile (206) 292-0494
lrc@cablelang.com

**Page-10- PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937