**Robert S. Banks, Jr., OSB No. 821862**
bbanks@SamuelsLaw.com
SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, Oregon 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

**Lawrence R. Cock, OSB No. 102524**
lrc@cablelang.com
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
Telephone (206) 292-8800
Facsimile (206) 292-0494

      Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT OF THE STATE OF OREGON

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| Leon Brown, Kirk Clothier, Nancy Gilbert, Rollin Chew, Edwin L. Chew Family Trust, Bernard Gutow as Trustee of the Gutow Family Trust dtd 10/28/1991, all individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>Norman Gary Price and Christina A. Price; Ronald J. Robertson and Kathryn Robertson; RP Capital, LLC; Douglas R. Bean and Megan Susanne Bean; S. Christopher Bean and Jodi J. Bean; Bean Holdings, LLC; Jonathan Bishopp and Monica Bishopp; Timothy J. Feehan, Jr. and Kimberly A. Feehan; Strategic Capital Alternatives LLC; and SCA Holdings LLC,<br><br>                Defendants. | NO. 3:17-cv-00869-HZ<br><br>**CLASS COUNSELS' MOTION FOR AWARD OF REASONABLE ATTORNEY FEES, COSTS AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES AND MEMBERS**<br><br>**HEARING SET FOR OCTOBER 16, 2017, 2:00 P.M.** |

Page 1 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

## MOTIONS

Pursuant to the Court's order dated August 2, 2017 (Docket No. 66) ("Preliminary Approval Order") and Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, Robert S. Banks, Jr. and Lawrence R. Cock and their respective law firms, Samuels Yoelin Kantor, LLP ("SYK") and Cable, Langenbach, Kinerk & Bauer, LLP ("CLKB") (collectively "Class Counsel") move the Court for an order awarding total attorneys' fees on a percentage-of-fund basis at 20% of the amount of the approved settlement as reasonable attorney's fees.

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, plaintiffs move an award of costs in the amount of $40,193.87.

Plaintiffs also move the Court for an order allowing payment of an Incentive Award of $2,000 each to the four class representative families for their service to the class, for a subtotal of $8,000, and for an Incentive Award to class members who volunteered and attended the Seattle mediation on behalf of the class in the amount of $1,000 for each day attended per class family, for a subtotal of $8,000. Thus, plaintiffs seek an order allowing payment of $16,000 in Incentive Awards.

These motions are based upon the memorandum appearing below, the Declaration of Robert S. Banks, Jr. In Support Of Motion For Final Settlement Approval And Motion For Award of Costs and Reasonable Attorney Fees ("Banks Declaration II"), the Declaration of Lawrence R. Cock Re: Attorney Fees ("Cock Declaration"), and the Declaration of Markham Sherwood ("Sherwood Declaration").

## MEMORANDUM

In its Order Determining That Class Action May Be Maintained (Docket No. 66) ("Preliminary Approval Order"), the Court certified the class, preliminarily approved the proposed settlement, and ordered co-lead counsel to file any fee petition not later than September 15, 2017. Rule 23(h) of the Federal Rules of Civil Procedure allows the court to award reasonable attorney fees where a class has been certified, and provides that a claim for an award

Page 2 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

be made by motion under Rule 54(d)(2). That rule requires the movant to specify the grounds entitling an award of fees, state the amount sought, and disclose, upon request by the court, the terms of any fee agreement. Fed.R.Civ.P. 54(d)(2)((B)(ii)-(iii).

## I.     Basis For Award Of Attorney Fees.

Rule 23(h) provides that "in a certified class action, the court may award reasonable attorney's fees and non-taxable costs that are authorized by law or by the parties' agreement." In the Ninth Circuit, the criteria for awarding attorney fees in a common fund case are set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir 2003):

> In order for attorneys to obtain an award of fees from a common fund, the court must be able to: (1) sufficiently identify the class of beneficiaries; (2) accurately trace the benefits; and (3) shift the fee to those benefiting with some exactitude. *Van Gemert*, 444 U.S. at 478–79, 100 S.Ct. 745. "[T]he criteria are satisfied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf . . ."

The terms of the proposed settlement satisfy *Staton's* criteria. The court has already approved of a class definition that identifies the class of beneficiaries. Preliminary Approval Order, ¶ 3. Under the terms of the proposed settlement, each of the members of that class has a mathematically ascertainable claim to the common fund available for class distribution. That amount is determined by a fraction whose numerator is the class member's net loss (the total Aequitas investments, less any dividends received) and whose denominator is the total common fund, less any costs, attorney fees and incentive awards for the class representatives and participating class members. *See:* Motion For Final Approval of Class Action Settlement at 4-5; Banks Declaration II, ¶ 3. Sherwood Declaration, ¶ 10.

## II.    The Benchmark Award In The Ninth Circuit is 25% of The Settlement Fund.

In calculating a fee in a common fund case such as this, courts have discretion to employ either a percentage-of-the-fund method or a lodestar method. The lodestar method

Page 3 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

multiplies reasonable hours by a reasonable hourly rate. The percentage-of-the-fund approach multiplies the time spent on a case by a reasonable hourly rate. The percentage method awards a percentage of the settlement amount as attorney fees. The benchmark for a percentage fee in class action attorney fee awards in the Ninth Circuit is 25% of the fund, which is less than the 20% fee that Class Counsel request here *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016). *See also In Re Bluetooth Headset Litigation*, 654 F.3d 935, 942 (9th Cir. 2011); *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir 2002); *In re Pacific Enters. Securities Litigation*, 47 F.3d 373, 379 (9th Cir. 1995). In applying the percentage-of-the-fund method, the court must take into account all circumstances of the case. *Vizcaino*, 290 F.3d at 1048.

"Although a court has discretion to apply either method, "use of the percentage method in common fund cases appears to be dominant." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) *citing Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); and *Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). "Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *In Re Bluetooth*, 654 F.3d at 942.

### III.  Assessing Reasonableness: Cross-Checks, Risks, Results and Complexity.

Courts must evaluate all attorney fee requests in class action cases for reasonableness. In evaluating the reasonableness of a percentage fee request, courts cross-check the percentage against the lodestar fee to evaluate reasonableness. *Vizcaino*, 290 F.3d at 1051. In arriving at a lodestar, however, "[t]he district court *must* apply a risk multiplier to the lodestar 'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail,

Page 4 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

(2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky.' Failure to apply a risk multiplier in cases that meet these criteria is an abuse of discretion." *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir 2016) (emphasis in original).

Where multipliers are appropriate or required, they are based on reasonableness factors that include "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *In Re Bluetooth*, 654 F.3d at 942.

## IV. A Fee Award Of 20% Of The Common Fund Amount Is Reasonable.

Class Counsel request that the court apply the dominant percentage-of-the-fund method and award a 20% fee. If the court gives final approval to the settlement that it has preliminarily approved, then the total attorney fee award at 20% based upon a $6.1 million settlement would be $1,220,000.

The following factors support this request.

### A. The Risks Involved In The Case.
This was a high-risk case to accept on a contingency fee basis. The risk factors are summarized below and recounted in the Banks Declaration II, paragraphs 10 through 15, and in the Cock Declaration, paragraphs 6 through 8.

#### 1. Litigation Risks.
Once Class Counsel began to understand the complex relationships between the Aequitas entities, the registered investment advisory firms, the trading platforms and the investment advisers, they felt confident that there were strong facts to support a finding of liability. However, there are litigation risks in every case, and this was no exception. As in all cases against investment advisers who have sold a product that courts or regulators later found to be a Ponzi scheme, the advisers were likely to blame the issuers and their professionals, and contend that they were not at fault because they were fooled by the issuers and their agents to the same extent as the plaintiffs. There were also "prospectus defense" issues, meaning that the defendants were likely to argue that there were sufficient warnings in the private placement

Page 5 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

memoranda to put the plaintiffs on notice of the risks of investing, and that plaintiffs were charged with the knowledge of all facts in the prospectus. Many of the class members were financially well-off and highly educated (although not in the workings of the investment world). Among Class Counsel's clients are physicians, university professors, software engineers, accountants, attorneys, and successful business people. Plaintiffs in securities cases with those backgrounds must overcome the defense that they were capable of understanding and accepting the risk of an investment that promised annual returns of more than eight percent. Class Counsel were also aware that, given the magnitude of the losses, that the case would be defended by experienced, capable lawyers who were very familiar with those defenses, among others. And, Class Counsel was not disappointed in that regard. The case was hard fought from the outset. *See generally,* Banks Declaration II, ¶ 11.

In addition, there is an ongoing risk that, if there is a recovery, it will take two years from the time Class Counsel began working on the case to receive any payment. Banks Declaration II ¶ 12.

This case also presented the unique litigation risk relating to the litigation stay that was ordered in *Securities and Exchange Commission v. Aequitas Management, LLC*, Case No. 3:16-cv-00438 PK (Docket No. 156) ("SEC Case"). Banks Declaration II ¶ 14. Plaintiffs believed that this case did not violate the stay, and this Court agreed, but the defendants filed motions when the case was in King County to stay the case, and the Receiver himself requested, and plaintiffs agreed, to a temporary stay of discovery and motion practice in the King County case to concentrate on settlement. *Id.* Those arguments created additional risk. Plaintiffs were well aware that a federal judge had issued a stay in a class action case filed in the Western District of Washington against Private Advisory Group ("PAG") relating to the sale of the same Aequitas investments that are at issue here.

Page 6 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

2.   **Defendants' Inability To Pay A Judgment.** There was a substantial risk that the defendants would not pay a judgment. Banks Declaration II, ¶ 13. Prevailing on the case presented risks, but the risk of non-payment was a greater risk. Two of the entity defendants -Strategic Capital Alternatives (terminated SEC registration July 21, 2016) and RP Capital (terminated FINRA license December 22, 2016) – are no longer in business. Defendant SCA Holdings was never a registered investment advisory firm or broker-dealer. One party, PAG, was protected by the Litigation Stay and could not be named as a defendant. Defendant Bean Holdings only owned a non-controlling minority interest in PAG. The chances for any substantial recovery from those defendants were not great. There was little likelihood that the individual defendants had tens of millions of dollars in reachable personal assets and insurance to satisfy the losses to the class that are now more than $100 million. Plaintiffs' counsel accepted a very real risk that the defendants would have grossly insufficient assets to pay when they accepted the case. That risk probably explains why no other attorneys filed a comprehensive lawsuit against these defendants up to the time that the court issued its Preliminary Approval Order. Other counsel likely concluded that risks of non-payment did not justify the time and effort that would have to go into pursuing these high-risk claims.[1] And, there was the additional risk that, even if defendants had assets to pay a judgment, they would not be voluntarily surrendered if plaintiffs were awarded a judgment. More likely, a collections process would have to begin once the case was over.

3.   **Insurance Coverage Risks.** Insurance coverage was not a certainty in this case, and getting Liberty Surplus and Lloyd's of London to agree to pay the remaining policy limits was difficult. Banks Declaration II, ¶ 15. There were numerous discussions before,

---

[1] Other cases have been filed over Aequitas losses, but all of them have focused on defendants with much greater assets. See *Wurster et al. v. Deloitte & Touche, LLP, et al.*, Multnomah County Circuit Court Case No. 16CV25920; *Pommier et al, v. Deloitte & Touche LLP et al.*, Multnomah County Circuit Court Case No. 16CV36439, and *Albers et al. v. Deloitte & Touche, LLP et al*, OR USDC Case No. 3:16-cv-02239.

Page 7 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND
REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

during and after the two-day mediation on March 1 and 2, 2017 about the application of various exclusions to coverage, who was a covered party, and whether the parties could agree on a form of release. While Class Counsel were not permitted to participate in all of those discussions, the issues were real and hotly contested.

        4.    **Conversion To A Class Action Case**. The defendants and their insurers were not willing to settle the claims, and the Receiver was not able to support the settlement, unless the case was converted to a class action in which all PAG and SCG investors were equally treated. Banks Declaration II, ¶ 17a. That added additional complexity, the possibility that some class members would object, and the risk that the court might not approve the settlement agreed to by the parties. Class Counsel have taken on the additional work required for reaching a settlement in the class action context, including seeking preliminary and permanent approval, drafting notices, interviewing and hiring claims administrators, being available to answer questions of class members, responding to objections, preparing this motion for fees (the time for which was not included in the lodestar hours). And, even though there are signed settlement agreements, there is still no guarantee that Class Counsel will be paid for the costs they advanced or fees for the work they performed over the last year and a half. Moreover, while counsel and their clients had an agreement for a 30% attorney fee, counsel discounted that fee in this request by one-third, to 20%, in recognition of the limited fund nature of the settlement.

        5.    **Competing Claims And Lawsuits**. There were other claimants who filed lawsuits and arbitrations smaller in scope than this case that stood to deplete the available insurance and assets of the defendants. One class action lawsuit was filed in the Western District of Washington against PAG alone. *Farr v. Private Advisory Group*, No. 2:16-cv-01565-RAJ (W.D. Wash.). As the Court knows, there were also a number of FINRA arbitrations that were filed against some of the same defendants in this case. The mere filing of those cases

Page 8 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND
REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

increased the risks in the instant case because, regardless of their outcomes, they would require the expenditure of attorney fees to defend them. Each of these claims increased the risk of non-payment. Class Counsel here were the only ones who agreed to represent the plaintiff class of all SCG and PAG clients, and who took affirmative steps to enjoin other cases to preserve funds for the group.

While the Receiver has supported this settlement, he had conflicting claims that had to be resolved before these settlements could be reached Aspen Grove Equity Solutions is an Aequitas entity that has a majority ownership interest in PAG. In order to settle the claims against the other PAG owners and its investment advisors, Aspen Grove's claims also had to be resolved. And, those relationships had implications for the Liberty Surplus insurance policy that funded the majority of this settlement. If those difficult issues were not resolved, this settlement would not have gotten to this stage. For five months, the attorneys for PAG, the Receiver and his general counsel and coverage counsel, and counsel for Liberty Surplus worked through these issues and finally came to an agreement.

B.      **The Complexity of the Issues Presented**. The organization, prosecution and management of this case was complex. In addition to the factors identified above, Class Counsel had to unravel the relationships between the various Aequitas entities and the investment advisers who sold Aequitas investments to the class. Much of this work is summarized in the original complaint filed in King County, Washington and attached as Exhibit A to the Declaration of Lawrence Cock (Docket No. 65). Those various Aequitas entities, their ownership interests and connections to one another Original Complaint in paragraphs 3 – 9, 40 - 42, and 61 – 74. See also Banks Declaration II, ¶17c.

There were also thorny jurisdictional issues to resolve. Some class members had arbitration agreements with some defendants. Class members and defendants were citizens of

Page 9 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

different states. Selecting a proper forum and, in some instances, negotiating the forum issues with defendants, had to be resolved as a part of the resolution process.

      C.    **<u>Contingent Fee Agreements Signed By 54 of 376 Class Members</u>.** Mr. Banks and SYK have signed attorney client fee contracts with 54 members of the class, or 15% of the entire class of approximately 376 persons (including the class representatives). Those fee agreements provide that, "if there is no recovery, you will not owe us any attorney fees, but if there is a recovery, then the client will pay 30% of the total gross value of recovery received."[2] Banks Declaration II ¶ 8. Mr. Cock and CLKB have similar signed fee agreements with additional class members. Cock Declaration, ¶ 5. Where 54 of 376 clients have specifically agreed to pay a 30% contingent fee in exchange for not having to pay any fees if there was no recovery, that is an indicia of the fairness of a 25% fee. The fee agreements are also evidence of Class Counsel's willingness to provide representation without any guarantee of payment. *See Bell v. Consumer Cellular*, 3:15-CV-941-SI, 2017 WL 2672073, at *11 (D. Or. June 21, 2017)(noting that a contingent fee agreement indicates counsel's willingness to provide time without a guarantee of payment, and that courts have awarded a 33% benchmark in such cases).

      D.    **<u>No Objections From Class Members Or Governmental Agencies, and Support Of the Receiver.</u>**

The Claims Administrator timely mailed the Notice approved by the Court to 376 class members. Sherwood Declaration ¶ 6. The Claims Administrator also sent out Class Action Fairness Act notices of the settlement, including all relevant pleadings to the Attorneys General of each of the 50 States and the District of Columbia, the Attorneys General of the 5 recognized U.S. Territories, and the State Banking Departments for each of the 50 states, the District of

---

[2] For those clients who joined the case earlier in time, there was an additional provision that provided for reduced fees on an hourly basis if the case could be settled within 90 days from the signing of the contract, to protect clients against having to pay a large fee in the unlikely event that the case resolved early on. Banks Declaration II ¶ 8. That did not happen.

Page 10 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Columbia and the recognized U.S. Territories. Sherwood Declaration ¶ 3. The Claims Administrator has launched a website with information about the settlement, and 1,189 hits have been registered. Sherwood Declaration ¶ 8. Class Counsel have provided additional notice to 54 of their clients who are class members. The notices advised class members that Class Counsel would apply for attorney fees of up to 25% of the settlement amount. To date, the Claims Administrator and Class Counsel have received no objections to the settlement. Sherwood Declaration ¶ 11; Banks Declaration II ¶ 5.

E. *Kerr* **Reasonableness Factors**.

In evaluating a fee petition, the court must consider reasonableness factors first announced in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). As recounted in *In re Bluetooth Headset Prods. Liability Litigation*, 654 F.3d 935, 941–42 (9th Cir. 2011), those factors include "the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment."

1. **Class Counsel provided quality representation**. During a chaotic time when investors were panicked over the insolvency and revelations about Aequitas, Class Counsel interviewed and organized a diverse group of investors and their documents, went through an intensive factual investigation to uncover the various connections between the defendants and Aequitas, filed a detailed and compelling 61 page complaint in King County, Washington, resolved motions to dismiss and motions to stay, organized a two day mediation in which 11 separate interest groups participated, worked with the Receiver and his counsel to ensure that all investors would equally participate in a recovery, re-filed the King County case here as a class action so that the prospects for settlement would be advanced, negotiated with four different law firms for the defendants, stopped the wasting of available insurance from ancillary cases by spearheading the filing motions for temporary restraining order and preliminary injunction,

Page 11 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

evaluated insurance coverage issues, investigated the financial condition of the defendants, and spent nearly five months in regular negotiations with the defendants to reach the proposed settlement. Banks Declaration II, ¶¶ 16-19. The end result was a settlement in which the defendants and their insurers have committed all available insurance policy proceeds, and made individual contributions that will be shared equally with all investors. Class Counsel relied on their experience in prosecuting claims against investment adviser representatives, broker-dealers and registered investment advisory firms, in managing complex multi-party litigation, and in designing a limited fund, no opt-out class action alternative as the best resolution for the myriad impediments to resolution.

The time and effort that was put into the case was substantial. The work performed by Mr. Banks on this case represented one-third of all client work he performed on all cases from February, 2016 through August, 2017. Banks Declaration II ¶ 20.

2. **The settlement has benefitted the class**. If the defendants had been multinational corporations with insurance and assets that to satisfy a nine-figure judgment, Class Counsel would not be recommending a $6.1 million settlement. The unfortunate fact is that defendants managed more than one hundred million dollars of their clients' money with only $6 million in combined wasting liability insurance. And, according to defendants' sworn testimony, they had no substantial assets in their names to contribute to any damages they caused beyond what they have committed to paying.

Under the facts that are known to exist, a $6.1 million settlement is fair and a benefit to the class. Importantly, the proposed settlement preserves the class members' rights to the Aequitas investments that they purchased, so that they will still participate in any recovery that may become available through the Receiver's efforts, and through any recovery in other pending cases, including the class action case pending in this district entitled *Ciuffitelli v Deloitte &*

Page 12 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

*Touche*, No. 3:16-cv-00-580-AC, because the class members here are also members of the putative class in that case. Banks Declaration II, ¶ 2. This settlement, when combined with the potential recoveries from other lawsuits, places the plaintiff class is in a reasonable position to recover far better than the national median recovery in securities class action cases of this size.[3]

### 3. The issues were complex and the risk of non-payment was great.

These factors are discussed at pages 5-9, *supra*.

All of the *Kerr* reasonableness factors justify awarding a 20% percentage fee in this case.

F.     **Comparison to Lodestar.** Class Counsel are requesting a percentage-of-the-fund award. In choosing a percentage award, the court can review what a lodestar payment would be in evaluating the fairness of a percentage fee award. If the court does so, however, it must apply a risk multiplier when (a) the attorneys expected a risk multiplier; (b) their hourly rate does not reflect that risk; and (c) there is evidence of risk. As mentioned above, the failure to apply a risk multiplier in those circumstances is an abuse of discretion. *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). See also *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) ("district court must apply a risk multiplier to the lodestar 'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky")(citations omitted).

All of the criteria for applying a lodestar multiplier exist here. Class Counsel expected a risk multiplier in the event of a recovery, which is reflected by the 30% contingent fee. Banks

---

[3] According to a 2016 NERA Economic Consulting Study, in most securities cases involving an insolvent issuer and investment losses in the $600 million range, as they are in Aequitas, investors can expect to recover less than 2 percent of their losses. The NERA study further found that median settlement values nationally in securities class action cases in which investor losses were between $400 million and $600 million was only 1.8%. For losses between $100 million and $199 million, the median recovery was 3.4%. *See:* http://www.nera.com/content/dam/nera/publications/2016/2015_Securities_Trends_Report_NERA.pdf at 32. That study also found that the average attorney fees paid in cases settling up to $10 million from 2011 through 2015 was 30%. *Id.* at 36.

Page 13 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Declaration II, ¶¶ 8-10; Cock Declaration, ¶ 8. The hourly rates of counsel do not reflect the aforementioned risks assumed in prosecuting these claims. Banks Declaration II, ¶ 20. The lodestar rates are what counsel charge and are paid by their hourly clients for their time, regardless of the outcome. For Mr. Banks, that rate is $495 per hour. *Id.* For Mr. Cock, it is $410. Cock Declaration, ¶ 10. Other attorneys and legal assistants have hourly rates between $125 and $350. There is no risk of non-payment built into the hourly rates charged by Class Counsel.

The hourly rates that form the basis for the unadjusted lodestar are reasonable. They are the rates charged to and paid by clients who hire Class Counsel on an hourly basis. *Id.*; Banks Declaration II, ¶ 20. In evaluating the fairness of hourly rates, the District of Oregon also looks to the Oregon State Bar 2012 Economic Survey[4] and the 2012 Morones Survey of Commercial Litigation Fees.[5] *League of Wilderness Voters v. United States*, 2014 WL 3546858 (D. Or. 2014) at *14. The bar survey is now five years old, and are not as useful as it once was. According to the 2012 bar survey, a lawyer in Portland with over 30 years of experience who charged $500 per hour was in the 95th percentile, and a lawyer charging $400 per hour was in the 75th percentile. The Morones Survey was updated in 2014. A true copy of that survey, is attached as Exhibit D to the Banks Declaration II. According to the Morones 2014 survey, lawyers with 30 + years of experience in 2014 had an average hourly billing rate of $485, and a median rate $480. The average billing rates for paralegals was $195. The unadjusted lodestar rates for Class Counsel are reasonable even when measured against rates of three years ago.

The total comparison lodestar before applying a multiplier, only for time through August 31, 2017, is $382,123.75 for SYK (excluding 62.95 "No Charge" hours), and $109,133 for

---

[4] The OSB Survey can be viewed at https://www.osbar.org/_docs/resources/econsurveys/12economicsurvey.pdf
[5] The Morones 2012 Survey was filed in *Prison Legal News v. Columbia County*, No. 3:12–cv–00071–SI (Dkt. Nos. 229–2 and 231–2). 212

Page 14 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

CLKB, for a total lodestar before risk adjustment and as of August 31, 2017 of $491,256.75. Awarding Class Counsel a 20% fee on a $6.1 million settlement results in a total attorney fee for SYK and CLKB of $1,220,000. That amounts to a risk multiplier of 2.48 to the lodestar amount. Assuming Class Counsel incurs additional fees of $25,000 from September 1, 2017 to the conclusion of the case (including completion of the motion for final settlement approval, responding to any objections, preparing for and attending the October 16 hearing, ensuring the proper distribution is completed and dismissing all claims), then the risk multiplier is reduced to 2.36.

Such a multiplier is within the range regularly approved in this circuit. See, e.g., *Bell v. Consumer Cellular, Inc.*, 3:15-CV-941-SI, 2017 WL 2672073, at *9–12 (D Or June 21, 2017)(approving a fee award of 27.8% of the settlement, and in so doing applying a multiplier of 2.9 and noting that "It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir 2002)(affirming fee award with a multiplier of 3.65, and surveying class actions settlements of over $50 million nationwide and finding that 54 percent of lodestar multipliers fell within the 1.5 to 3.0 range); *Buccellato v. AT & T Operations, Inc.*, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (approving multiplier of 4.3 in case involving $12,500,000 settlement fund); *Pointer v. Bank of Am., N.A.*, 214CV00525KJMCKD, 2016 WL 7404759, at *17 (ED Cal Dec. 21, 2016)(approving multiplier of 2.4 as "well within the range of multipliers that the Ninth Circuit has accepted").

### G. Comparison To Fees Awarded In Related Case.

As another means of comparison, in the related SEC Case, the court has approved fee petitions made by the Receiver and his counsel that are at rates often above the hourly rates

Page 15 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

currently charged by Class Counsel. *See* Interim Order Appointing Receiver (Docket No. 30) (approving of Receiver's retention of attorneys charging up to $845 per hour, and senior attorneys at Schwabe, Williamson & Wyatt at $510 per hour). Judge Papak in the SEC case has approved the payment of fees from the Aequitas receivership estate at those rates in orders dated October 21, 2016 (Docket No. 273) (for $3,128,146), February 22, 2017 (Docket No. 370) (for $2,219,717), April 20, 2017 (Docket No. 416)(for $2,382,443) and July 18, 2017 (Docket No. 478) (for $2,516,936).

### V. Class Counsel Requests Incentive Awards For Plaintiff Class Members Who Assumed Additional and Necessary Duties On Behalf Of The Class.

Class Counsel moves for an order for payment of an Incentive Award of $2,000 to each of the class representative families, who agreed to review pleadings, review and sign settlement agreements, and be available on short notice for consultations with Class Counsel as necessary for a total of $8,000. Banks Declaration II ¶ 24.

Class Counsel also moves for an order for payment of an Incentive Award of $1,000 per day for each of the class member families that traveled to and attended the two day mediation in Seattle on behalf of the class, for a total of $8,000. Banks Declaration II ¶ 25.

### VI. Class Counsel Requests An Award of Costs of $40,193.87.

SYK advanced and is obligated to pay costs totaling $33,622.35, which includes an estimated payment of $25,484.18 to the Claims Administrator KCC, Inc. Class Counsel has agreed to pay KCC for its claims administration services, and if KC's final invoice differs from its estimate, Class Counsel will advise the Court at or before the October 16 fairness hearing and amend their request for costs. CLKB has advanced costs of $6,571.52. Cock Declaration at ¶ 14. The costs have been verified pursuant to 28 U.S.C. § 1924. Banks Declaration II at ¶ 26;

Page 16 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Cock Declaration, ¶ 14. Class Counsel request a total award of costs in the amount of $40,193.87, to be adjusted based upon the final billing of the Claims Administrator.

* * *

For the foregoing reasons, Class Counsel respectfully request that the Court :

1. Award Class Counsel attorney fees in the amount of 20% of the settlement;

2. Order the payment of the Incentive Awards of $8,000 for the class representatives, and $8,000 for the class members who participated on behalf of the class at the mediation, and

3. Award Class Counsel costs in the amount of $40,193.87, to be adjusted based upon the final billing of the Claims Administrator.

Dated this 15th day of September, 2017.

SAMUELS YOELIN KANTOR LLP
By: /s/ Robert S. Banks, Jr.
ROBERT S. BANKS, JR., OSB No. 821862
Telephone: 503-226-2966
Facsimile: 503-222-2937
bbanks@SamuelsLaw.com

CABLE, LANGENBACH, KINERK & BAUER, LLP
By: /s/ Lawrence R. Cock
LAWRENCE R. COCK, OSB No. 102524
Telephone: 206-292-8800
Facsimile: 206-292-0494
lrc@cablelang.com

Attorneys for Plaintiffs

Page 17 - CLASS COUNSELS' MOTION FOR AWARD OF COSTS AND REASONABLE ATTORNEY FEES

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937