Robert S. Banks, Jr., OSB No. 821862
bbanks@SamuelsLaw.com
SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, Oregon 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Lawrence R. Cock, OSB No. 102524
lrc@cablelang.com
CABLE, LANGENBACH, KINERK & BAUER, LLP
Suite 3500, 1000 Second Avenue Building
Seattle, Washington 98104-1048
Telephone (206) 292-8800
Facsimile (206) 292-0494

Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT OF THE STATE OF OREGON

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| Leon Brown, Kirk Clothier, Nancy Gilbert, Rollin Chew, Edwin L. Chew Family Trust, Bernard Gutow as Trustee of the Gutow Family Trust dtd 10/28/1991, all individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>Norman Gary Price and Christina A. Price; Ronald J. Robertson and Kathryn Robertson; RP Capital, LLC; Douglas R. Bean and Megan | NO. 3:17-cv-00869-HZ<br><br>**AMENDED** Findings Of Fact, Conclusions Of Law And Order Granting Plaintiffs' Motion For Final Approval Of Class Action Settlement, Motion for Award of Attorney Fees, Costs, and Incentive Awards, and Responding Defendants' Request for Permanent Injunction |

Page 1 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Susanne Bean; S. Christopher Bean and Jodi J. Bean; Bean Holdings, LLC; Jonathan Bishopp and Monica Bishopp; Timothy J. Feehan, Jr. and Kimberly A. Feehan; ; Strategic Capital Alternatives LLC; and SCA Holdings LLC,

Defendants.

This matter came before the Court upon Plaintiffs' Motion for Final Approval of Class Settlement (Dkt. 79). The Court has heard oral argument (on October 16, 2017) and reviewed and considered the records and files herein, including the following:

1. Stipulated Settlement Agreement (Dkt. No. 61) and Stipulated Settlement Agreement (Dkt. No. 62). Dkt. 61 and 62 are collectively referred to hereafter as the "Settlement;"

2. Order Determining that Class Action May be Maintained (Dkt. 66);

3. Declarations filed by settling defendants attesting to the accuracy of previously provided financial statements (Dkt. Nos. 67-78);

4. Plaintiffs' Motion for Final Approval of Class Settlement (Dkt. 79);

5. Co-Lead Counsels' Motion for Award of Reasonable Attorney Fees, Costs and Incentive Awards for Class Representatives and Members (Dkt. 80);

6. Declaration of Robert S. Banks, Jr. (Dkt. 81);

7. Declaration of Lawrence R. Cock (Dkt. 82);

8. Declaration of Markham Sherwood (Dkt. 83);

9. Certain Responding Defendants' Response to Plaintiffs' Motion for Final Approval of Class Settlement and Request for Permanent Injunction (Dkt. 89);

10. Enviso Capital Group LLC's Opposition to Approval of Class Settlement (Dkt. 88);

Page 2 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

11. Objection of William Gilmore/Victoria Cottrell (dated September 29, 2017);

12. Plaintiffs' Reply to Objection of Enviso Capital Group and Objection of Class Member Gilmore (Dkt. 90); and

13. Declaration of H. Troy Romero (Dkt. 91).

14. Pleadings related to the Court's preliminary injunction and Responding Defendants' Request for Permanent Injunction:

   (a) Joint Motion of Plaintiffs and Certain Defendants For Preliminary Injunction to Enjoin Various FINRA Arbitration Cases in Order to Preserve Settlement Funds for Benefit of Larger Investment Class (Dkt. 33);

   (b) Declaration of Ronald F. Greenspan In Support of Motion of Plaintiffs and Certain Defendants for Preliminary Injunction (Dkt. 34);

   (c) Declaration of Nathan T. Alexander in Support of Motion for Preliminary Injunction (Dkt. 35);

   (d) Declaration of Norman Gary Price in Support of Preliminary Injunction Motion (Dkt. 36);

   (e) Intervenors' Opposition to Joint Motion of Plaintiffs and Certain Defendants for Preliminary Injunction to Enjoin Various FINRA Arbitration Cases in Order to Preserve Settlement Funds for Benefit of Larger Investment Class (Dkt. 53);

   (f) Joint Reply in Support of Motion for Preliminary Injunction to Stay FINRA Arbitration Cases (Dkt. 56);

   (g) Declaration of Lawrence R. Cock (Dkt. 57); and

   (h) Opinion and Order (Dkt. 60).

Page 3 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

The Court is fully advised and enters the following Findings, Conclusions, and Order:

## I. FINDINGS OF FACT

1. In Docket No. 66, the Court previously entered an order determining that a class action could be maintained, certifying the class, preliminarily approving the Settlement, approving the form of the notice and setting a fairness hearing. The findings in Docket No. 66 are incorporated by reference and to the extent such findings were previously made on a preliminary basis, the Court endorses them as part of this disposition. Except for terms defined herein, the Court adopts and incorporates the definitions in the Settlement and the Court's Order Determining that Class Action May be Maintained (Dkt. 66) for purposes of this Order.

2. The notice requirements included in the Court's order (Dkt. No. 66) have been satisfied.

*Fairness, reasonableness, and adequacy of the class action settlement*

3. Because this action settled before substantive motions were filed here, this Court has not had an opportunity to fully consider the merits. While plaintiffs believe their claims have merit, plaintiffs concede that they faced liability hurdles and that defendants have raised defenses based on the involvement of the issuer and the disclosure documents received and signed by investors.

4. The case is complex, would require substantial expense to bring to a verdict, would take a substantial amount of time, and there is a risk that the action would not succeed. Defendants have indicated they intend to vigorously defend the claims. There are substantial risks that defendants would be unable to pay a judgment, and

Page 4 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

additionally the risk that if the Settlement is not approved, a small number of individual claimants will get most or all of the available funds. The two insurance policies are wasting policies and the amount available to satisfy claims will be reduced by costs of defending this action (or multiple actions).

5. There is a risk that defendants would defeat class status by arguing that suitability claims being pursued by individual investors lack commonality.

6. The amount offered in settlement, $6,100,000, is composed of the remaining insurance proceeds applicable to the claims, plus amounts contributed by various defendants. $4,900,000 will be paid by the defendants Douglas R. Bean and Megan Suzanne Bean; S. Christopher Bean and Jodi J. Bean, Jonathan Bishopp and Monica Bishopp, and Bean Holdings LLC, and their insurance carrier, Liberty Surplus Insurance Corporation. A settlement of $1,200,000 will be paid by Norman Gary Price and Christina Price, Ronald J. Robertson and Kathryn Robertson, Timothy Feehan, Jr. and Kimberly A. Feehan, Antonio Ramirez and Wendy Ramirez; Aaron Maurer and Laura Maurer; RP Capital, LLC; Strategic Capital Alternatives, LLC and SCA Holdings, and RP Capital's Insurance carrier, Certain Underwriters at Lloyd's, London.

7. Members of the class have claims against a fund (composed of the insurance and personal assets of defendants) that will likely prove insufficient to satisfy all of them. Individual suits would likely exhaust the fund before all members were able to protect their interests. Without a class action settlement, litigation against these defendants would likely become a race to the courthouse door with some winners and many class

Page 5 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

members unable to recover. Only a Rule 23(b)(1)(B) non-opt out class would prevent individuals from disproportionately depleting defendants' assets (and insurance) by prosecuting separate cases. The risk that available funds would be inadequate to pay all claims constitutes a risk of substantial impairment.

8. Claimants will continue to own their respective investments, with the prospect of recovery of additional amounts being pursued in other actions and/or from the Receivership estate.

9. The Settlement will financially benefit individual investor class members on an equitable or pro rata basis (relative to their respective net out of pocket loss) and there is a substantial risk that absent approval of the Settlement, many class members will recover less or nothing from these defendants.

10. Plaintiffs filed a very detailed Complaint in King County, Washington, indicating a substantial amount of research into the issues, parties, and legal claims. The Settlement was reached before the parties engaged in discovery, but after the parties participated in a two-day mediation, and negotiated over several months. Multiple defendants provided plaintiffs' counsel with sworn financial statements to allow plaintiffs' counsel to evaluate the ability of defendants to make individual contributions to the Settlement. Multiple defendants have submitted sworn testimony that their financial wherewithal has not materially changed since the plaintiffs first initiated the lawsuit in King County.

11. The experience and views of counsel for all parties support approval of the Settlement. The experience and views of the Receiver (and his counsel) in the

Page 6 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Aequitas Receivership supports approval of the Settlement.

12. The Settlement is the result of good faith arms-length negotiations and there is no evidence of fraud or collusion. The parties' decision to settle was fully informed.

13. The total class contains more than 370 members. As discussed below, only one class member filed an objection.

*Objections to the settlement*

14. Mr. Gilmore/Ms. Cottrell are the only class member that objected to the proposed settlement; William Gilmore/Victoria Cottrell have a single claim. The objection is limited to the methodology used to calculate the loss; there is no objection by any class member to the amount of the proposed settlement, the inability to opt out, or the proposed award of attorney fees, expenses, or costs.

15. The method utilized to calculate loss, a net out of pocket calculation, treats all class members equitably, is fair to class members, and is easy to understand and apply.

16. A non-party, Enviso Capital Group LLC also filed an opposition to approval. (Dkt. 88). Enviso is not a party to this proceeding, is not a class member, and lacks standing to object to the Settlement. Enviso has not established any right to a share of insurance proceeds from the Liberty Surplus Insurance Policy. Nothing in this Settlement or the Court's orders in this proceeding limit Enviso's future scope of action, or releases any claim brought by Enviso. Enviso has not established any legal prejudice it will suffer from the Settlement.

*Attorney Fees, Expenses, and Class Representative Incentive Awards*

17. This class action is a common fund case and the Settlement will create a common

Page 7 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

fund of $6,100,000.00.

18. The class of beneficiaries are the class members, the benefits are traceable to class members, and it is possible to shift the fee to those benefitting with some exactitude. Each member of the class has an undisputed and mathematically ascertainable claim to part of the lump-sum settlement recovered.

19. A percentage method for determining an attorney fee award is appropriate, given litigation risks, defendants' inability to pay judgments, contingent fee agreements between class counsel and many class members, likely delay in being paid (if a recovery was effectuated), insurance coverage risks, complexity of the issues, conversion to a class action, competing claims and lawsuits, the stay imposed in the Receivership Action, and the absence of any objection by any class member. Co-Lead Counsel for the class provided quality representation in a complex proceeding, obtained a benefit for the class, and had a high risk of partial payment or nonpayment.

20. Taking into account all of the circumstances, Plaintiffs' Class Counsel's request for 20% of the settlement amount is reasonable and an attorney fee award of $1,220,000 to Co-Lead Counsel is reasonable.

21. The lodestar amount for Plaintiffs' Class Counsel's fees, as of August 31, 2017, is $491,256.75. The hourly rates usually charged by Co-Lead Counsel are fair and reasonable for attorneys with similar experience. Robert Banks has 35 years of experience as a litigation attorney in securities cases and charges $495 per hour. Lawrence Cock has more than 23 years of experience as a litigation attorney in securities cases and charges $410 per hour. The multiplier for the lodestar is 2.48 as

Page 8 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

of August 31, 2017 based upon those rates. Co-Lead Counsel has continued to perform services for the class following August 31, 2017. The multiplier is actually lower, and likely 2.3 as a result of the additional time spent by Co-Lead Counsel since August 31, 2017. Given the complexity of the case and the risks, a lodestar multiplier of 2.3 is reasonable and a "lodestar check" confirms the appropriateness of an attorney fee award of 20% of the settlement amount.

22. Co-Lead Counsel paid expenses of $40,193.87. These expenses were reasonably incurred. Co-Lead Counsel will reasonably incur further costs of the Claims Administrator to further administer the Settlement.

23. Certain class representatives agreed to travel to and attend a two-day mediation in Seattle, Washington at their own expense and for the benefit of the class. They incurred expenses in doing so and are entitled to an incentive award from the settlement fund to parti ally reimburse them for their services.

24. The class representatives assumed responsibilities on behalf of and for the benefit of the class, and are entitled to an incentive award for their services.

*Responding Defendants' Request for Permanent Injunction*

25. On September 29, 2017, Defendants Norman Gary Price, Christina Price, Ronald J. Robertson, Kathryn Robertson, RP Capital LLC, Timothy J. Feehan, Jr., Kimberly A. Feehan, Strategic Capital Alternatives LLC, and SCA Holdings LLC ("Responding Defendant") filed a Request for Permanent Injunction (Dkt. 89). The injunction is requested on behalf of parties identified in the Stipulation of Settlement (Dkt. 62): Norman Gary Price, Christina Price, Ronald J. Robertson, Kathryn Robertson,

Page 9 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

RP Capital LLC, Timothy J. Feehan, Jr., Kimberly A. Feehan, Strategic Capital Alternatives LLC, and SCA Holdings LLC, Strategic Capital Group, LLC, Craig D. Johnsen, Antonio Ramirez, Wendy Ramirez, Aaron Maurer, Laura Maurer, Kenneth Peterson, and Patricia Peterson (collectively hereafter called the "RPC Settling Parties").

26. On July 26, 2017, this Court granted a preliminary injunction (Dkt. 60). The Court incorporates the reasoning and findings from its previous order by reference.

27. The benefits of the Settlement would be lost to the Defendants if members of a non-opt out class were allowed to proceed with pending FINRA Cases or to initiate new arbitrations of lawsuits against the RPC Settling Parties based on the recommendations or sales of Aequitas Investments.

28. Responding Defendants have been named as respondents in various arbitrations filed with the Financial Industry Regulatory Authority ("FINRA"). The arbitrations allege that Responding Defendants offered investments in various Aequitas entities ("Aequitas investments"), which failed in late 2015 and early 2016. The arbitrations generally allege that Responding Defendants failed to advise clients of the risks of investments issued by Aequitas, and that the Aequitas investments were not suitable for the Claimants. Claimants also asserted claims against certain Responding Defendants for failing to supervise the actions of registered representatives in connection with the offering of Aequitas investments. These claims, in part or in whole, are pled in the following FINRA arbitrations:

Page 10 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

- *Nassar, et al. v. RP Capital, et al.*, Case No. 16-00943 (FINRA) (filed in April 2016, and seeking at least $600,000) ("Nassar");

- *Reiss, et al. v. RP Capital, et al.*, Case No. 16-01610 (FINRA) (filed in June 2016, and seeking at least $1.81 million) ("Reiss");

- *Fluegel, et al. v. RP Capital, et al.*, Case No. 16-01967 (FINRA) (filed in July 2016, and seeking at least $158,491) ("Fluegel");

- *Martens v. RP Capital, et al.*, Case No. 16-03187 (FINRA) (filed in October 2016, and seeking at least $700,000) ("Martens"); and

*Wu v. RP Capital, et al.*, Case No. 17-00594 (FINRA) (filed March 7, 2017 and seeking at least $578,000) ("Wu") (collectively, "Pending FINRA Cases").

29. The FINRA claimants will not suffer unfair prejudice by the issuance of a permanent injunction. As class members, the claimants will be entitled to submit claims.

30. The public interest favors a permanent injunction because the Settlement preserves funds for all class members, a larger group of investors. In the absence of a permanent injunction and a non-opt out class, the limited funds available to settle or pay awards or judgments would be eroded.

## II. CONCLUSIONS OF LAW

1. A balancing of all factors relating to fairness, reasonableness, and adequacy of the Settlement weighs heavily in favor of approving the Settlement. The Settlement is fair, reasonable, and adequate.

2. An attorney fee award of $1,220,000 (20% of the Settlement) out of the common fund is reasonable.

3. Reimbursement out of the common fund of $40,193.87 in expenses is reasonable.

Page 11 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

4. Incentive awards out of the common fund of $2,000.00 for each Class Representative and $1,000 per day to each Class Member who attended the two-day mediation in Seattle is reasonable.

5. In the absence of injunctive relief, the RPC Settling Defendants will suffer irreparable harm, a balance of the equities tips in favor of granting the RPC Settling Defendants a permanent injunction, and an injunction serves the public interest.

### III. ORDER

1. Plaintiffs' motion for Final Approval of Class Action Settlement is GRANTED.

2. The terms of the stipulated settlement agreements filed by various defendants (Dkt. 61 and Dkt. 62) are incorporated into this Order and are APPROVED.

3. All objections to the Settlement are OVERRULED.

4. The parties to this proceeding, the parties to the Settlement, and the Settlement Administrator shall perform their respective obligations under the Settlement and this Order.

5. Plaintiffs' motion for Award of Reasonable Attorney Fees, Costs, and Incentive Awards for Class Representatives and Members is GRANTED.

6. Out of the common fund, Co-Lead Counsel are awarded total attorney fees of $1,220,000.00.

7. Out of the common fund, Co-Lead Counsel are awarded costs of $40,193.87. Class counsel is also authorized to pay the final billing of the Claims Administrator and receive reimbursement from the common fund.

8. Out of the common fund, each Class Representative is each awarded $2,000.00 as an

Page 12 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

incentive award. Out of the common fund, each Class Member that attended the two day mediation in Seattle, Washington is awarded $1,000 per day of attendance (the total shall not exceed $8,000.00, and no Class Representative family to receive more than $2,000).

9. A payment of $4,900,000.00 shall be made to the Claims Administrator, KCC, LLC by wire transfer to an account identified by KCC by or on behalf of Douglas R. Bean and Megan Suzanne Bean; S. Christopher Bean and Jodi J. Bean, Jonathan Bishopp and Monica Bishopp, and Bean Holdings LLC, and their insurance carrier, Liberty Surplus Insurance Corporation not later than 61 days from the entry of this Order.

10. A payment of $1,200,000.00 shall be made to the Claims Administrator, KCC, LLC by wire transfer to an account identified by KCC by or on behalf of Norman Gary Price and Christina Price, Ronald J. Robertson and Kathryn Robertson, Timothy Feehan, Jr. and Kimberly A. Feehan, Antonio Ramirez and Wendy Ramirez; Aaron Maurer and Laura Maurer; RP Capital, LLC; Strategic Capital Alternatives, LLC and SCA Holdings, and RP Capital's Insurance carrier, Lloyd's of London, in accordance with their joint payment obligations under the Stipulation of Settlement not later than 31 days from the entry of this Order.

11. Upon receipt of each of the settlement payments identified above, the Claims Administrator shall pay 20% of such payments as attorney fees, plus $40,193.87 for reimbursement of costs (such costs to be paid from each settlement payment in an amount equal to the percentage of the payment received to the total settlement payments of $6,100,000.00), to Co-Lead Counsel by wire transfer to an account

Page 13 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

identified by Co-Lead Counsel.

12. After paying the costs and reasonable attorney fees identified above, as well as any other reasonable expenses incurred by the Claims Administrator and approved by Plaintiffs' Class Counsel, the Claims Administrator shall promptly mail checks to the members of the Plaintiff Class for their proportional share of the remaining settlement funds in the amount calculated by the Claims Administrator using the net-out-of–pocket formula.

13. Pursuant to the terms of the Settlement Agreement, the instant action will be dismissed with prejudice, subject to all other conditions in these Findings, Conclusions, and Order.

14. Without affecting the finality of this Order in any way, the Court hereby retains jurisdiction to resolve any dispute regarding compliance with the Settlement Agreement that cannot be resolved though the meet and confer process.

15. The Court hereby permanently restrains and enjoins any member of the class from initiating or engaging in any arbitration or litigation against the RPC Settling Parties asserting allegations of wrongdoing in any way relating to the purchase or sale of investments in Aequitas Management, LLC, any other Aequitas entity, or any Aequitas Receivership entity.

16. Without limiting the foregoing, the Court hereby permanently restrains and enjoins the following FINRA arbitrations from proceeding against any of the Responding Defendants, Joel Price, Antonio Ramirez, and/or Aaron Douglas Maurer (and their marital communities):

Page 14 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

- *Nassar, et al. v. RP Capital, et al.*, FINRA Case No. 16-00943;

- *Reiss, et al. v. RP Capital, et al.*, FINRA Case No. 16-01610;

- *Fluegel, et al. v. RP Capital, et al.*, FINRA Case No. 16-01967;

- *Martens v. RP Capital, et al.*, FINRA Case No. 16-03187; and

- *Wu v. RP Capital, et al.*, FINRA Case No. 17-00594.

17. The Court does not restrain or enjoin the claimants in the *Fluegel* arbitration from proceeding with their claims against Respondent Kristofor R. Behn.

18. Nothing in this Order shall (i) modify, amend, or supersede any Order issued in the Receivership Proceeding which is pending in this Court (Dkt. No. 3:16-cv-00438-PK), (ii) waive or release any claim, cause of action, or right belonging to the Receiver or Receivership Entity (Receiver or Receivership claims do not include claims of class members released by this Settlement), or (iii) establish any precedent for any future distribution of any funds in any way relating to the Receivership Proceeding.

IT IS SO ORDERED.

DATED October 18, 2017.

_____
The Honorable Marco A. Hernandez
U.S. District Court Judge

Presented by:
SAMUELS YOELIN KANTOR LLP

By: /s/ Robert S. Banks, Jr.
ROBERT S. BANKS, JR., OSB No. 821862

Page 15 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937

Telephone: 503-226-2966
Facsimile: 503-222-2937
**bbanks@samuelslaw.com**

CABLE, LANGENBACH, KINERK & BAUER, LLP

By: /s/ *Lawrence R. Cock*
LAWRENCE R. COCK, OSB No. 102524
Telephone: 206- 292-8800
Facsimile: 206- 292-0494
lrc@cablelang.com

Page 16 – Amended Order Approving Class Action Settlement, Awarding Attorney Fees, Expenses, and Incentive Payments, and Granting Permanent Injunction

SAMUELS YOELIN KANTOR LLP
Attorneys at Law
111 SW 5th Ave., Suite 3800
Portland, OR 97204-3642
Telephone (503) 226-2966
Facsimile (503) 222-2937